UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. DODD,

    Plaintiff,

                                        CASE NO. 1:11-CV-217

v.

                                        HON. ROBERT J. JONKER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Scoville's Report and Recommendation in this matter (doc. # 17) and Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (doc. # 18). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Scoville's Report and Recommendation is factually sound and legally correct, and that the Commissioner's decision to deny disability benefits to Plaintiff should be affirmed. (Report and Recommendation, doc. # 17, at 19.)

Plaintiff's primary objection is that the Magistrate Judge erred in concluding that substantial evidence supported the Administrative Law Judge's ("ALJ") decision to discount the opinion of Dr. Eugene Tay, one of Plaintiff's treating physicians. (Pl.'s Obj., doc. # 18, at 3.) A treating physician's opinion is not entitled to controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." C.F.R. § 404.1527(c)(2). Furthermore, the ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). In this case, as the ALJ concluded, Dr. Tay's opinion about Plaintiff's disability was based largely on Plaintiff's subjective reports and was unsupported–even contradicted–by the more extensive records compiled by the many other physicians who examined Plaintiff. (Report and Recommendation, doc. # 17, at 17 (quoting A.R. 52).) Given the lack of objective evidence supporting Dr. Tay's opinion and the wealth of objective evidence supporting the Commissioner's finding, the Magistrate Judge correctly concluded that the ALJ's decision was supported by substantial evidence. This Court may not disturb that conclusion. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 147 (6th Cir. 1990) (holding the Commissioner's decision must stand if supported by substantial evidence,

even if the reviewing court would resolve the dispute differently); *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988) (same).

Plaintiff also objects that the Magistrate Judge improperly discounted his testimony about his physical limitations from the disability. (Pl.'s Obj., doc. # 18, at 4.) An ALJ may discount a claimant's credibility when the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). So long as an ALJ's credibility determination is reasonable and supported by substantial evidence, the Court may not disturb it. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Payne v. Comm'r of Soc. Sec.*, 402 Fed. App'x 109, 113 (6th Cir. 2010) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001)). In this case, the ALJ articulated a number of valid and substantial reasons for finding that Plaintiff could perform certain types of sedentary work, including Plaintiff's own testimony regarding his daily activities. (Report & Recommendation, doc. # 17, at 18 (citing A.R. 49).) The ALJ's findings regarding credibility are supported by substantial evidence, and, therefore, should not be disturbed.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. # 17) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:     January 30, 2013            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE